## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re: | *Inter Partes* Reexamination of U.S. Patent No. 7,465,153 B2 |
| Appeal No.: | 2013-009168 |
| Control No.: | 95/001,675 |
| Title: | DIVERTER FOR REDUCING WEAR IN A SLURRY PUMP |
| Confirmation No.: | 6600 |
| Reexam Filing Date: | July 6, 2011 |
| Group Art Unit: | 3993 |
| Examiner: | Joseph A. Kaufman |

Office of the General Counsel
United States Patent and Trademark Office
Madison Building East, 10B20
600 Dulany Street
Alexandria, Virginia 22314

## NOTICE OF APPEAL TO THE U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT

S.P.I./Mobile Pulley Works, Inc., the Third Party Requestor in the above captioned *Inter Partes* Reexamination, hereby appeals to the United States Court of Appeals for the Federal Circuit from the Decision on Appeal by the Patent Trial and Appeal Board, United States Patent and Trademark Office in *Inter Partes* Reexamination Control No. 95/001,675, Appeal No. 2013-009168, entered on February 18, 2014, and from the Decision on Request for Rehearing by the Patent Trial and Appeal Board, United States Patent and Trademark Office for *Inter Partes* Reexamination Control No.

95/001,675, Appeal No. 2013-009168, entered on August 25, 2014.  Copies of both

decisions are attached hereto.

No fees are believed to be due to the United States Patent and Trademark Office

in connection with this filing, but authorization is hereby given for any required fees to be

charged to Deposit Account 50-1678.

In accordance with Federal Circuit Rule 15(a)(1) and 37 C.F.R. §1.301, three

copies of this Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit,

together with the fee prescribed by Federal Circuit Rule 52, are being transmitted to the

Clerk of the United States Court of Appeals for the Federal Circuit.

Please continue to direct all correspondence in this matter to:

Michael J. Colitz, III
Registration No. 37,010
GRAYROBINSON P.A.
401 E. Jackson Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 273-5000
Fax: (813) 273-5145
Email: michael.colitz@gray-robinson.com

Respectfully submitted,

Michael J. Colitz, III
Registration No. 37,010
GRAYROBINSON P.A.
401 E. Jackson Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 273-5000
Fax: (813) 273-5145
Email: michael.colitz@gray-robinson.com
Attorney for Third Party Requestor

## CERTIFICATE OF SERVICE

This certifies that a complete copy of the foregoing ***Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit*** was served on, and notice hereby given to, the Director of the U.S. Patent and Trademark Office in accordance with 37 C.F.R. §§ 1.302, 1.304, and 104.2, this 21st day of October, 2014 via over-night delivery to:

> Office of the General Counsel
> United States Patent and Trademark Office
> Madison Building East, 10B20
> 600 Dulany Street
> Alexandria, Virginia 22314

I further certify that a complete copy of the foregoing ***Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit*** has been served on the Attorneys of Record for the Patent Owner in accordance with 37 C.F.R. §§ 1.248 and 1.903 via email and at the address below on this 21st day of October, 2014 by deposit with the U.S. Postal Service as first class mail, postage pre-paid for delivery to:

> D. Scott Sudderth
> Womble Carlyle Sandridge & Rice, PLLC
> P.O. Box 7037
> Atlanta GA 30357-0037
> ssudderth@wcsr.com

I further certify that three copies of the foregoing ***Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit*** and the $500 fee required by the 28 U.S.C. § 1913 and Federal Circuit Rule 52(a)(3)(A) are being submitted to the Clerk of Court for the United States Court of Appeals for the Federal Circuit this 21st day of October, 2014 via over-night delivery to:

> Clerk of the Court
> United States Court of Appeals for the Federal Circuit
> 717 Madison Place, NW
> Washington, D.C. 20439

Date: October 21, 2014

Michael J. Colitz, III
Registration No. 37,010
GRAYROBINSON P.A.
401 E. Jackson Street, Suite 2700
Phone: (813) 273-5000
Fax: (813) 273-5145
Email: michael.colitz@gray-robinson.com
Attorney for Third Party Requestor

## Prosecution History Re-Exam Control No. 95/001,675

| Date | Document |
|------|----------|
| 07/06/2011 | REQUEST FOR  INTER PARTES REEXAMNINATION |
| 07/07/2011 | NOTICE OF REEXAMINATION REQUEST FILING DATE |
| 07/07/2011 | NOTICE OF ASSIGNMENT OF REEXAMINATION REQUEST |
| 08/03/2011 | NON-FINAL OFFICE ACTION |
| 08/03/2011 | ORDER GRANTING REQUEST FOR INTER PARTES REEXAMINATION |
| 09/19/2011 | REQUEST FOR EXTENSION OF TIME |
| 09/28/2011 | DECISION ON PETITION FOR EXTENSION OF TIME |
| 11/03/2011 | RESPONSE TO OFFICE ACTION |
| 12/02/2011 | THIRD PARTY REQUESTER'S COMMENTS |
| 01/26/2012 | ACTION CLOSING PROSECUTION |
| 02/27/2012 | PATENT OWNER'S RESPONSE TO ACTION CLOSING PROSECUTION |
| 03/27/2012 | THIRD PARTY REQUESTER'S COMMENTS |
| 06/05/2012 | RIGHT OF APPEAL NOTICE |
| 07/03/2012 | NOTICE OF APPEAL - OWNER |
| 07/13/2012 | NOTICE OF CROSS APPEAL - REQUESTER |
| 09/10/2012 | APPEAL BRIEF OWNER |
| 09/13/2012 | CROSS - APPEAL BRIEF - REQUESTER |
| 10/09/2012 | INFORMATION DISCLOSURE STATEMENT |
| 10/09/2012 | RESPONDENT BRIEF - REQUESTER |
| 10/15/2012 | RESPONDENT BRIEF - OWNER |
| 03/13/2013 | EXAMINER'S ANSWER |
| 04/12/2013 | REBUTTAL BRIEF - OWNER |
| 04/15/2013 | REBUTTAL BRIEF - REQUESTER |
| 05/13/2013 | REQUEST FOR ORAL HEARING - OWNER |
| 06/05/2013 | NOTICE OF ENTRY OF REBUTTAL BRIEFS |
| 07/23/2013 | DOCKETING NOTICE |
| 09/12/2013 | NOTICE OF HEARING |
| 10/03/2013 | REQUEST FOR ORAL HEARING - REQUESTER |
| 10/03/2013 | CONFIRMATION OF HEARING - OWNER |
| 12/02/2013 | REQUEST FOR AUDIO/VIDEO EQUIPMENT - OWNER |
| 12/02/2013 | REQUEST FOR AUDIO/VISUAL EQUIPMENT - REQUESTER |
| 12/06/2013 | REQUEST FOR EASELS - OWNER |
| 02/18/2014 | DECISION ON APPEAL |
| 03/18/2014 | REQUEST FOR REHEARING - REQUESTER |
| 04/17/2014 | OPPOSITION TO REQUEST FOR REHEARING |
| 08/25/2014 | DECISION ON REQUEST FOR REHEARING |

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**S.P.I./MOBILE PULLEY WORKS, INC.**
**Requester/Appellant**

**v.**

**GWI INDUSTRIES, INC.**
**Patent Owner/Appellee**

**Re-Exam Control No: 95/001,675**

## NOTICE FORWARDING CERTIFIED LIST

A Notice of Appeal to the United States Court of Appeals for the Federal

Circuit was timely filed on October 22, 2014, in the United States Patent and

Trademark Office in connection with the above identified *inter partes* re-

examination proceeding. Pursuant to 35 U.S.C. § 143, and Fed. Cir. R. 17(b)(1),

a Certified List is this day being forwarded to the Federal Circuit.

Respectfully submitted,

Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

By: *Kyra Cihraham*

Kyra Abraham
Paralegal
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

Date: December 2, 2014

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the

foregoing has been served on Appellant and Appellee this 2nd  day of December,

2014, as follows:

Michael J. Colitz, III
Gray Robinson P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602

D. Scott Sudderth
Womble Carlyle Sandridge & Rice PLLC
P.O. Box 7037
Atlanta, GA 30357-0037

By: *Kyra Abraham*
Kyra Abraham
Paralegal
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

Form PTO 55 (12-80)

## U.S. DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

**December 1, 2014**

(Date)

**THIS IS TO CERTIFY** that the attached document is a list of the papers that comprise the record before the Patent Trial and Appeal Board (PTAB) for the *Inter Partes Reexamination* proceeding identified below:

**S.P.I./MOBILE PULLEY WORKS, INC.**

Requester

v.

**GIW INDUSTRIES, INC.**

Patent Owner

Appeal 2013-009168
Reexamination Control No. 95/001,675
Patent 7,465,153

By authority of the

**DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE**

*Certifying Officer*

ORIGINAL

**RECEIPT FOR PAYMENT**

# United States Court of Appeals
# For The Federal Circuit

**OFFICE OF THE CLERK**

Received From _Gray Robinson_
(NAME)

_____
(ADDRESS)

## NON-APPROPRIATED ACCOUNT

| | 10/23/14 (DATE) |
|---|---|
| | AMOUNT |
| Admission Fee | |
| _Filing Fee_ | 500 00 |
| _S.P.I. / Mobile v. GIW Indust_ | |
| _95/001,675_ | |
| Duplicate Cert. of Admission | |
| | |
| | |
| | |
| | |
| | |

Clerk ☐

Deputy Clerk ☑ _Amt_ 56527

☐

TOTAL 500 00

Cash ☐   Check ☑   MONEY ORDER ☐

28796



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P O Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,675 | 07/06/2011 | 7465153 | 5500029.2 | 6600 |

7590      02/18/2014
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
P.O. BOX 7037
Atlanta, GA 30357-0037

| EXAMINER |
|---|
| KAUFMAN, JOSEPH A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/18/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**U.S. Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR / PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/001,675 | 07/06/2011 | 7,465,153 | |

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
P.O. BOX 7037
Atlanta, GA 30357-0037

| EXAMINER |
|---|
| Kaufman, Joseph |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/18/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

.

.                                              .

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

*Inter Partes* Reexamination

GIW INDUSTRIES, INC.

v.

S.P.I./MOBILE PULLEY WORKS, INC.

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent 7,465,153 B2[1]
Technology Center 3900

Before: DANIEL S. SONG, WILLIAM V. SAINDON, and
BRETT C. MARTIN, *Administrative Patent Judges.*

MARTIN, *Administrative Patent Judge.*

DECISION ON APPEAL

---

[1] US Patent 7,465,153 B2 (hereinafter "the '153 patent") was issued to Addie et al. on December 16, 2008.

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

STATEMENT OF THE CASE

Patent Owner/Appellant appeals under 35 U.S.C. §§ 134(b) and 306 from the Examiner's rejection of claims 1-14.  Third Party Requester/Cross-Appellant Appeals the Examiner's non-adoption of certain proposed rejections.  We have jurisdiction under 35 U.S.C. §§ 134(b) and 306.  Oral arguments were heard on December 11, 2013.

The '153 patent is also subject to an infringement action, which is currently stayed.  *GIW Industries, Inc. v. S.P.I. Mobile Pulley Works, Inc.*, Civil Action No. 1:11-cv-00185-KD-N (D.S.D.Ala.).

We AFFIRM-IN-PART.  In particular, we REVERSE the Examiner's rejections as appealed by the Patent Owner, and AFFIRM the Examiner's withdrawal of various rejections as appealed by the Third Party Requester.

THE INVENTION

Patent Owner's invention is directed "to a diverter for directing particles away from a stationary face and impeller nose gap to reduce wear."  Col. 1, ll. 14-16.  Claim 1, reproduced below, is illustrative of the claimed subject matter:

> 1.   A diverter for reducing particulate wear in a slurry pump having a suction liner, an impeller with a front shroud, and a nose gap having a diameter between the suction liner and the front shroud of the impeller, the diverter comprising:
> (a) a suction liner face having a protrusion formed upstream of the nose gap, wherein the protrusion has a diameter greater than the diameter of the nose gap, the protrusion extending inwardly toward the front shroud of the impeller and terminating in a substantially rounded tip;

2

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

(b) an impeller front shroud being operatively opposed to the suction liner face, a rounded relief formed within the front shroud; and

(c) the rounded tip of the protrusion extending into, but not contacting, the rounded relief of the front shroud, wherein particulate matter is deflected away from the suction liner face upstream of the nose gap.

## REFERENCES

The prior art relied upon by the Examiner in rejecting the claims on appeal is:

| | | |
|---|---|---|
| Warman ("Warman '002") | US 3,265,002 | Aug. 9, 1966 |
| Bunjes | US 3,881,840 | May 6, 1975 |
| Barker | US 4,556,364 | Dec. 3, 1985 |
| Warman et al. ("Warman '410") | US 5,078,410 | Jan. 7, 1992 |
| Becker et al. ("Becker") | US 5,171,126 | Dec. 15, 1992 |
| Holzenberg | DE 3,107,685 A1 | Feb. 28, 1981 |
| Chegurko | SU 1,483,100 A1 | Oct. 26, 1987 |
| Palamarchuk | SU 1,617,208 A1 | Feb. 22, 1989 |
| Broadly | GB 544,674 | Apr. 23, 1942 |

## THE REJECTIONS ON APPEAL

The Examiner made the following rejections:

1.    Claims 1-14 stand rejected under 35 U.S.C §102(b) as being anticipated by Warman '002. RAN 3.

2.    Claims 1-14 stand rejected under 35 U.S.C §102(b) as being anticipated by Warman '410. *Id.*

3.    Claims 1, 2, 5, 7-9, 11, 12, and 14 stand rejected under 35 U.S.C §102(b) as being anticipated by Holzenberg. RAN 4.

4.    Claims 1-14 stand rejected under 35 U.S.C §103(a) as being unpatentable over Warman '002 and Chegurko. RAN 6.

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

    5.    Claims 1, 2, 5, 7-9, 11, 12, and 14 stand rejected under 35 U.S.C §103(a) as being unpatentable over Holzenberg and Chegurko. *Id.*

    6.    Claims 1-14 stand rejected under 35 U.S.C §103(a) as being unpatentable over Warman '002 and Broadly. RAN 7.

    7.    Claims 1, 2, 5, 7-9, 11, 12, and 14 stand rejected under 35 U.S.C §103(a) as being unpatentable over Holzenberg and Broadly. *Id.*

    8.    Claims 1-14 stand rejected under 35 U.S.C §103(a) as being unpatentable over Warman '002 and Barker. RAN 8.

    9.    Claims 1, 2, 5, 7-9, 11, 12, and 14 stand rejected under 35 U.S.C §103(a) as being unpatentable over Holzenberg and Barker. *Id.*

    10.    Claims 8-14 stand rejected under 35 U.S.C. § 112, first paragraph, as failing to comply with the written description requirement. RAN 9.

## ANALYSIS

### *Anticipation by Warman '002*

    The Examiner rejects claims 1-14 as anticipated by Warman '002. RAN 3. Patent Owner argues claims 1-14 as a group. We choose claim 1 as representative; claims 2-14 stand or fall with claim 1. We note that all of the other rejected independent claims include limitations at issue that are substantively similar to claim 1.

    Claim 1 requires, in pertinent part, "a suction liner face having a protrusion formed upstream of the nose gap." The Examiner found this limitation met via "a liner (45) with a protrusion that terminates in a substantially rounded tip (47) and that extends into but does not contact a

4

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

rounded relief within impeller/vanes." RAN 3. As the Patent Owner notes,
"independent claims 1, 3, 5, 8, and 12 require that the relief into which the
protrusion extends is formed within the impeller *front* shroud." App. Br. 9
(emphasis added). Patent Owner goes on to argue that protrusion 47 "does
not protrude into a relief in the front shroud of impeller 1 of *Warman '002*,
but rather into a relief on the back shroud." *Id.* Patent Owner further notes
that "[t]he distinction between the front (suction) and the back side of the
impeller is important since the difference in pressure between the pump
discharge and suction ... does not exist on the back side of the impeller." *Id.*
at 9-10. We agree with the Patent Owner and therefore cannot sustain the
rejection of claims 1-14 as anticipated by Warman '002.

### Anticipation by Warman '410

As with the anticipation rejection over Warman '002, *supra,* the
Examiner's anticipation rejection over Warman '410 relies on the erroneous
finding that the claimed protrusion is on the suction side of the pump, when
in fact, it is on the opposite side. As Patent Owner points out, "casing 5 is
not on the suction side of the pump, rather it is on the opposite side of the
pump as discussed above ... relative to *Warman '002*." App. Br. 16. For the
same reasons discussed above, we do not sustain the Examiner's anticipation
rejection of claims 1-14 as anticipated by Warman '410.

### Anticipation by Holzenberg

The Examiner rejects claims 1, 2, 5, 7-9, 11, 12, and 14 as anticipated
by Holzenberg. RAN 4. Patent Owner argues the rejection of these claims
as a group. We choose claim 1 as representative; the remaining claims stand

5

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

or fall with claim 1. We note that all of the other rejected independent claims include limitations at issue that are substantively similar to claim 1.

Patent Owner offers numerous arguments as to why Holzenberg does not anticipate the claims. *See* App. Br. 17-20; *see also* Rebuttal Br. 6. Claim 1 requires both a "protrusion extending inwardly toward the front shroud of the impeller and terminating in a substantially rounded tip" and "the rounded tip of the protrusion extending into, but not contacting, the rounded relief of the front shroud." While Holzenberg does show a protrusion with a partially rounded tip, this tip does not appear to "extend[] into" a "rounded relief of the front shroud" as claimed. The protrusion of Holzenberg's Figure 2 that lies between impeller portions 6 and 7 is rounded on its bottom portion, but is flat on top and comes to a point. Further, the relief into which this protrusion extends is much larger than the protrusion itself and is not actually rounded in the area where the protrusion interacts with the impeller. In addition, what the Examiner refers to as a protrusion is actually an element that creates a gap seal upstream of the sealing gap 6, rather than a protrusion that deflects particulate matter in an existing flow path upstream of the nose gap as disclosed and claimed.

Furthermore, Holzenberg discloses a pressure equalization opening 9 "such that its interior pressure also prevails in the chamber 8. In this way, the entire impeller pressure gradient that prevails in the lateral impeller space between the delivery side 4 and the suction side 3 is divided into two sections." Holzenberg 6. As will be discussed further below, such a pressure equalization creates an entirely different fluid flow situation from that present in the '153 patent, such that we cannot agree with the Examiner

6

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

that Holzenberg discloses a "protrusion" that meets the requirement that "particulate matter is deflected away from the suction liner face upstream of the nose gap" as claimed. Holzenberg is simply silent regarding any such fluid/particulate disruption due to the presence of the protrusion identified by the Examiner and we see no basis for concluding that the protrusion accomplishes this function. Accordingly, we do not sustain the Examiner's anticipation rejection over Holzenberg.

*Obviousness of Claims 1-14 over Warman '002 and Chegurko*

The Examiner uses Chegurko to "further emphasize [the] point" that a rounded protrusion may extend into a rounded relief. RAN 6. This teaching, however, does not cure the deficiency in Warman '002 that the protrusion is not on the suction side as claimed. In its Respondent Brief, Third Party Requester states, "[t]o the extent that Warman '002 by itself fails to disclose a protrusion and relief associated with the 'front' or 'suction side' of an impeller, these features would be deemed obvious to one of ordinary skill in view of the combined teachings of Warman '002 and Chegurko." Respondent Br. 16. We first note that the Examiner has not adopted the position that it would have been obvious to move the projection of Warman '002 to the suction side, but merely uses Chegurko to emphasize teachings already contained in Warman '002. If, however, Third Party Requester is arguing that it would have been obvious to do so, we find such a proposed conclusion of obviousness to be overcome by Patent Owner's secondary considerations of nonobviousness.

Whenever obviousness is found with respect to the subject matter on appeal, and Appellant furnishes evidence of secondary considerations, it is

7

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

our duty to reconsider the issue of obviousness anew, carefully weighing the evidence for obviousness with respect to the evidence against obviousness. *See, e.g., In re Eli Lily & Co.*, 902 F.2d 943, 945 (Fed. Cir. 1990). We are also mindful that the objective evidence of nonobviousness in any given case may be entitled to more or less weight depending on its nature and its relationship with the merits of the invention. *See Stratoflex Inc. v. Aeroquip,* 713 F.2d 1530, 1538 (Fed. Cir. 1983). To be given substantial weight in the determination of obviousness or nonobviousness, evidence of secondary considerations must be relevant to the subject matter as claimed, and therefore we must determine whether there is a nexus between the merits of the claimed invention and the evidence of secondary considerations. *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 305 n.42 (Fed. Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986).

It is clear to us in reading the Visintainer declaration that there is sufficient nexus between the claimed device and the evidence of secondary considerations to conclude non-obviousness. This is especially so when reading the various customer testimonials of the Patent Owner's pump performance. *See* Visintainer Dec. Exhs. I-K ("Tom, the diverter style technology has greatly improved our availability of our slurry pumps." Exh. J; "The new GIW DIVERTER DESIGN has improved the wet end components (shell & Impeller) wear life significantly, over the previous design pumps." Exh. K); *see also* Visintainer Dec. 10.

In addition to the testimonials, Patent Owner has also provided evidence of the difficulty in predicting the exact nature of fluid dynamics in such complex devices. *See* Visintainer Dec. 4-5. As noted therein, "[t]he

8

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

existence of this low velocity boundary layer and the ability of the solid
particles to move through it against their expected direction within the bulk
flow was supported by basic fluid dynamic principles, but was not widely
understood or appreciated, even by those skilled in the art." Visintainer Dec.
4. Dr. Visintainer goes on to point out that "[i]t was believed that the
general level of turbulence and mixing of solids would overwhelm the above
described diverting function of the diverter device as described and claimed
in the '153 Patent." *Id.* at 5. He further states that "the concept was proven
by high speed photography carried out at GIW on a Plexiglass prototype
diverter design as described and claimed in the '153 Patent, pumping a slurry
of red glass beads that were easily visualized in the flow." *Id.* From this
evidence we can deduce that finding the shape and proper placement of the
claimed diverter in the fluid path was not as simple as just recognizing the
basic idea that an obstacle in a flow path would cause turbulence and
possible particle deflection. We recognize that the prior art does show
similar structures, but we see nothing in the prior art that would overcome
the evidence provided by Patent Owner that ultimately developing a
successful diverter device required significant experimentation and
investment.

Based upon this evidence, we are persuaded that "[a]lthough there
exist devices that, at first inspection, have an appearance that may be similar
to the appearance of a diverter design, in actuality, such devices fail to form
a true diverter and reduce suction liner wear as described and claimed in the
'153 Patent." *Id.*; *see also id.* at 6-7. In other words, while the various
devices of the cited prior art may appear similar, based on the evidence

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

before us, we are persuaded that the specifically claimed placement on the suction side of the pump and upstream of the nose gap with the claimed mating configuration between the protrusion and the impeller is not found in the prior art, nor would it have been obvious. We further note that neither the Examiner nor the Third Party Requester provides any evidence contrary to that provided by the Patent Owner via the declaration of Dr. Visintainer. Accordingly, we do not sustain the rejection of claims 1-14 as unpatentable over the combination of Warman '002 and Chegurko.

*Obviousness over Holzenberg and Chegurko*

As with the combination with Warman '002, the Examiner simply uses Chegurko "to further emphasize" the point that Chegurko likewise shows a rounded protrusion extending into a rounded relief. RAN 6. Chegurko similarly does not cure the deficiencies noted above with respect to the anticipation rejection over Holzenberg. Furthermore, even if we were to accept the combination as representing a prima facie case of obviousness, such a case is overcome by the secondary considerations of nonobviousness provided by the Patent Owner. As such, we do not sustain the Examiner's rejections over the combination of Holzenberg and Chegurko.

*Obviousness over Warman '002 or Holzenberg and Broadly or Barker*

The Examiner again adds the Broadly reference in combination with Warman '002 "in order to further illustrate the use of a protrusion upstream of the nose gap." RAN 7. The Examiner similarly combines Broadly with Holzenberg as well as Barker with each of Warman '002 and Holzenberg. As with the other obviousness rejections, neither Broadly nor Barker cures the deficiencies of the anticipation rejections over Warman '002 or

10

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

Holzenberg. Furthermore, to the extent that this combination could be considered obvious, we find the Patent Owners unrebutted secondary considerations of nonobviousness to overcome any such combination. Accordingly, we do not sustain the Examiner's rejections over the combination of Warman '002 and Broadly.

### Indefiniteness of Claims 8-14

Claims 8-14 stand rejected under 35 U.S.C. § 112, first paragraph, as failing to comply with the written description requirement. RAN 9. The Examiner asserts that "it cannot be determined that the shape of the relief corresponds substantially to the shape of the tip of the protrusion." *Id.* Patent Owner cites several passages as well as the Figures in support of this feature. *See* App. Br. 28. Specifically, Patent Owner notes that Figures 6 and 7 show the protrusion 2 "as having a substantially rounded outer edge." App. Br. 28. Patent Owner also points to specific disclosure such as that "[t]he diverter 2 'can take up this relief [19] as closely as possible' (col.3, lines 60-62)" and "'[t]he diverter 2 nose may extend out as close as practical to the impeller front shroud 10. (col.4, lines 1-2)." *Id.* We agree with the Patent Owner that this disclosure is sufficient written description to support the claim feature at issue. Accordingly, we do not sustain the Examiner's rejection of claims 8-14 as indefinite.

### Non-adoption of Proposed Rejections

Claims 3, 4, 6, 10, and 13 as Anticipated by Holzenberg

Third Party Requester (hereinafter referred to as "TPR" or "Requester") appeals the Examiner's decision not to adopt the proposed rejection of the aforementioned claims as anticipated by Holzenberg. The

11

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

Examiner did not adopt the proposed rejection because "there are no vanes
discussed in the reference nor shown in the drawings. Therefore, claims 3, 4
and 6 cannot be anticipated by Holzenberg as Holzenberg does not show all
of the claimed features." RAN 5. Having already determined *supra* that
Holzenberg does not anticipate for reasons unrelated to the vanes, but for
limitations also present in the claims at issue, we likewise do not find
Holzenberg anticipatory for the same reasons. Accordingly, we sustain the
Examiner's decision not to adopt the Requester's proposed rejection of
claims 3, 4, 6, 10, and 13 as anticipated by Holzenberg.

Claims 1-7 as Anticipated by Becker

The Examiner refused to adopt this proposed rejection because Becker
has "no rounded relief formed within the front shroud into which the
rounded tip of the protrusion extends." RAN 5. Requester points to a
portion between elements 8 and 13 that allegedly forms the rounded relief.
TPR App. Br. 10. We agree with the Examiner that there is no rounded
relief into which a rounded tip of a protrusion extends as claimed. Indeed,
the asserted relief in Becker is more reasonably described as being polygonal
in shape. Accordingly, we sustain the Examiner's decision not to adopt the
Requesters proposed anticipation rejection of claims 1-7 over Becker.

Claims 1-7 as Unpatentable over Warman '002 or Holzenberg in
Combination with Bunjes

The Examiner refused to adopt this rejection because "[i]t is unclear
from the discussion or claim charts which limitations are lacking from
Warman or Holzenberg that Bunjes allegedly does show." RAN 5.
Requester first asserts that "to the extent Holzenberg '685 is construed as

12

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

lacking clearing vanes, Warman '002 contains a more explicit showing of vanes 10 formed upon an impeller 1." TPR App. Br. 16. As Patent Owner points out, however, "even if *Warman '002* were combined with *Holzenberg[]* as proposed, the resulting combination would still not meet all the limitation of the claims as specified" above in relation to the fact that Warman's protrusion is on the hub side and not on the suction side. Patent Owner Respondent Br. 7. Having already agreed with Patent Owner on this point *supra*, we agree that this proposed rejection is deficient on this basis alone.

Requester goes on to assert that "Bunjes '840 is included for a showing of similar structural features on the front and back sides of an impeller." TPR App. Br. 16-17. Regardless of what Bunjes may show, as discussed *supra*, we do not agree that in this field of endeavor, a simple rearranging of arguably similarly shaped parts is necessarily an obvious modification. We are persuaded by the evidence in the Visintainer Declaration that the specifically claimed arrangement is not just a mere rearrangement of known elements, but is a significant modification that was heretofore unknown in the art. Accordingly, we agree with the Examiner's decision not to adopt the proposed rejection over Warman '002 or Holzenberg in combination with Bunjes.

Claims 1-7 as Unpatentable over Warman '002 or Holzenberg in Combination with Palamarchuk

The Examiner refused to adopt this proposed rejection because "Palamarchuk has been cited to show rounded portions on the impeller," but "the claims do not seem [to] require such a structure." RAN 7. As the

13

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

Patent Owner points out, "*Palamarchuk's* so-called relief (chamber 2) is on the housing, and the projection 9 is on the impeller, which is the opposite of the arrangement claimed, and the arrangement shown in *Warman '002* and *Holzenberg[]*," thus rendering Palamarchuk's disclosure "inapplicable to the structure of *Warman '002* or *Holzenberg[]*." Patent Owner Respondent Br. 8. We agree and therefore sustain the Examiner's decision not to adopt this rejection.

Amendment in Response to Rejection under 35 U.S.C. § 305

Requester "does not dispute the sufficiency of the amendment, but it does dispute the timing of the amendment," and due to the belated timing of the amendment, that this rejection should be reinstated. TPR App. Br. 26. This issue relates to petitionable subject matter under 37 C.F.R. § 1.181 and not to appealable subject matter. *See In re Mindick*, 371 F.2d 892, 894 (CCPA 1967). Accordingly we do not reach this issue because it is not properly an appealable issue.

Claims 8-11 as Indefinite under 35 U.S.C. § 112, First Paragraph

Requester argues that the limitation of claim 8 of "the protrusion extending toward the front shroud of the impeller for a distance nearly equal to a distance between the suction liner face and the impeller front shroud" lacks support in the Specification. TPR App. Br. 26-27. The Examiner withdrew this rejection after Patent Owner pointed to col. 3, ll. 16-20 of the '153 patent, which states: "[t]he diverter 2 extends out a distance nearly equal to the distance between the suction liner 4 and the impeller front shroud 10 such that the clearance between the diverter 2 and impeller front shroud 10 is kept at a minimum." Patent Owner further points out that

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

"[t]his language is almost identical to the language in part (a) of claim 8."
Patent Owner Respondent Br. 11. We agree that this disclosure is sufficient
to support the limitation at issue and therefore sustain the Examiner's
decision withdraw this rejection.


## DECISION

For the above reasons, we REVERSE the Examiner's decision to
reject claims 1-14 and we AFFIRM the Examiner's decision not to adopt the
various proposed rejections discussed herein.

Requests for extensions of time in this *ex parte* reexamination
proceeding are governed by 37 C.F.R. § 1.550(c). *See* 37 C.F.R. § 41.50(f).


## AFFIRMED-IN-PART

alw

.


Patent Owner:

WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC
P.O. Box 7037
Atlanta, GA 30357-0037

Third Party Requester:

Michael J. Colitz, III, Esq.
Gray Robinson, P.A.
401 E. Jackson Street
Suite 2700
Tampa, FL 33602



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P O Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,675 | 07/06/2011 | 7465153 | 5500029.2 | 6600 |

7590      08/25/2014
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
P.O. BOX 7037
Atlanta, GA 30357-0037

| EXAMINER |
|---|
| KAUFMAN, JOSEPH A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/25/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

*Inter Partes* Reexamination

GIW INDUSTRIES, INC.

v.

S.P.I./MOBILE PULLEY WORKS, INC.

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent 7,465,153 B2
Technology Center 3900

Before: DANIEL S. SONG, WILLIAM V. SAINDON, and
BRETT C. MARTIN, *Administrative Patent Judges*.

MARTIN, *Administrative Patent Judge*.

DECISION ON REQUEST FOR REHEARING

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

## STATEMENT OF THE CASE

The Third Party Requester ("Requester") filed a Request for Rehearing on March 18, 2014 (hereinafter "Rehearing Request" or "Rhrg. Req.") under 37 C.F.R. § 41.79 seeking rehearing of our Decision mailed February 18, 2014 (hereinafter "Decision" or "Dec."), which reversed various final rejections of the claims and affirmed the non-adoption of various proposed rejections by the Examiner. The Requester asserts that the Board overlooked various points and requests modification of the Decision. Rhrg. Req. 1.

We grant the Rehearing Request to the extent that we consider the Requester's arguments *infra*, but DENY the request to modify the Decision.

### *Alleged Failure to Apply the Broadest Reasonable Construction*

As an initial matter, we note that Requester's Rehearing Request in general is merely a disagreement with the Board's original Decision. Requester has not identified any overlooked arguments or misapprehended facts, which is the purpose of a Rehearing Request.

Requester first asserts that the Board "did not afford the claims their broadest reasonable construction." Rhrg. Req. 3. As noted above, this does not amount to a proper basis for requesting rehearing. Although we did not specifically lay out any claim constructions, such a fact does not mean we did not apply the broadest reasonable interpretation standard when construing the claims.

It is also unpersuasive to argue that the Board overlooked anything regarding this construction or to assert that the Board failed to properly

2

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

construe the claims when one of the main issues in this case was whether the

claims required the location of the protrusion to be on the front or back side

of the housing. During oral argument, Requester and the Board specifically

discussed this point as follows:

> JUDGE MARTIN: But then is the protrusion in the front
> shroud of Warman? Wouldn't it be – isn't it in the back side of
> --
> MR. COLITZ: Again, front and back to me are relative
> terms. To me, it would depend on how the pump is installed
> and which way you install it in practice. I think front and back
> are relative terms. I think really --
> JUDGE SONG: Well, counsel, but the point here is not
> that they're necessarily relative, but it's whether that term has
> intrinsic understood meaning within the art.
> MR. COLITZ: [affirmative]
> JUDGE SONG: I mean, if I walk downstairs to the
> garage and say, you know, please place this on the front of my
> car, nobody's going to put it on the trunk. I mean, it has -- sure,
> it's a matter of orientation, but there's also an understood
> meaning as to what constitutes front and what constitutes the
> rear. So I guess that's kind of what I'm trying to understand
> here.
> MR. COLITZ: Right. Certainly if that is the view
> that one of ordinary skill would understand that to be, *then
> Warman may not be able to be used as a 102 reference.* Again,
> we think front and back are relative terms and you could easily
> see that projection 47 as being on the front as opposed to the
> rear. But in the event your honor is not persuaded, we have
> plenty of other references in the 103 rejections where you do
> have these features on what the patent owner is defining as the
> front of the shroud.

Hearing Tr. 33-34 (emphasis added). From this exchange, it is clear that a

major issue to be decided was whether the claim language at issue required

the protrusion to be in the front or the back and whether such placement was

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

found in Warman. As stated in the Decision, we "agree with the Patent Owner" that "[t]he distinction between the front (suction) and the back side of the impeller is important since the difference in pressure between the pump discharge and suction…does not exist on the back side of the impeller." Dec. 5 (citing Patent Owner's App. Br. 9). There was no misapprehension or misapplication of claim construction standards here. After thoroughly considering the arguments made by both sides,[1] both in the briefs and at oral argument, we merely decided the issue contrary to Requester's position.

Requester further argues that in reversing the rejection over Holzenberg that "[t]here are several problems with [the Board's] analysis." Rhrg. Req. 8. Again, as with the argument in relation to the Warman references, Requester has not demonstrated that the Board overlooked or misapprehended anything in coming to its conclusion. Requester merely disagrees with the outcome. As stated in the opinion, we found Holzenberg lacking because it disclosed only a "partially rounded tip" as opposed to the claimed "substantially rounded tip." Dec. 8. While Requester may disagree, it is clear that our analysis determined that a protrusion having a flat portion that comes to a point cannot be considered "substantially rounded" as claimed. Additionally, we concluded that because Holzenberg does not teach a rounded relief in the area where the protrusion extends, Holzenberg's protrusion cannot be considered to "extend into" a "rounded relief of the

---

[1] Requester also asserts that the '153 patent defines the claimed relief "by the inside of the clearing vanes" and not based on the front/back distinction presented during briefing and at oral argument. It is, however, neither apparent, nor has the Requester directed us to, where such argument has been presented. Thus, we decline address it.

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

front shroud" as claimed. *See id.* In sum, our Decision clearly explains why
Holzenberg does not meet the claim language and Requester has pointed to
no proper basis for rehearing on these points.

      Additionally, Requester asserts that we did not address the broader
language of claims 8 and 12. As the Patent Owner points out, however,
"rather than separating the claims based on this new, or any other
distinction....Requester instead argued for the rejection of claims 1, 2, 5, 7,
8, 9, 11, 12 and 13 as anticipated by *Holzenberg*[] as a group." Opposition
to Request for Rehearing ("Opp.") 7. Again, it is neither apparent, nor has
the Requester directed us to, where such argument has been previously
made.

      *Alleged Improper Reliance upon Secondary Considerations*

      Requester alleges that, but does not provide any support or
explanation as to why, the Examiner's obviousness rejection was so strong
that "it is improper as a matter of law to rely upon secondary
considerations." Rhrg. Req. 13. While we do not necessarily disagree that it
may be difficult to establish non-obviousness using secondary
considerations in view of a strong showing of obviousness, we neither
concede that the rejection at issue amounts to such a strong showing nor that
in this particular instance Patent Owner's evidence was insufficient. We first
note that Requester provided no evidence in rebuttal of Patent Owner's
substantial evidence of secondary considerations. Secondly, as clearly stated
in the opinion, we considered the rejection and analyzed the secondary
consideration evidence and found both that there was a nexus and that the
evidence was sufficient to conclude that the claimed invention was non-

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

obvious.[2] *See* Dec. 7-10. Accordingly we are not apprised of any misapprehension or overlooking of anything to warrant a grant of rehearing.

## Indefiniteness

Requester, in referring to the Board's determination that Holzenberg fails to disclose certain claim features and the conclusion that the patent has sufficient written description for those same features, asserts that "[i]t is impossible to reconcile these two conclusions based upon the review of the relevant drawings." Rhrg. Req. 16. We first note that our determination regarding indefiniteness relied not only upon the drawings, but also upon specifically cited passages in the '153 patent. *See* Dec. 11. Further, as Patent Owner states, "the logic behind [Requester's] statement is not apparent." Opp. 8. We agree with Patent Owner that "[t]he resolution of this issue depends on what is disclosed in the '153 patent, not what is disclosed in *Holzenberg*[]." Opp. 8-9. The Decision adequately addresses indefiniteness and rather than pointing to any misapprehension, Requester again merely voices disagreement with our Decision.

## Non-adoption of Proposed Rejections

With regard to Holzenberg, Requester alleges that "the Board failed to address why, as the TPR urged, the lower most protrusion of Holzenberg does not constitute a clearing vane." Rhrg. Req. 18. As pointed out by the Patent Owner, "the Board did not overlook this question, but rather found it unnecessary to address it because...it had already determined that

---

[2] As noted in the Decision, the Examiner did not actually make an obviousness determination in view of Chegurko, but merely used Chegurko to further emphasize that a rounded protrusion may extend into a rounded relief. Dec. 7 (citing RAN 6).

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

*Holzenberg*[] did not anticipate the claims for 'reasons unrelated to the vanes.'" Opp. 9. Accordingly, there was no need to address Requester's additional arguments relating to Holzenberg and as such the Board did not improperly overlook such arguments.

With respect to Becker, the Requester alleges that "the Board did not address why the convex outer surface of Becker '126 does not satisfy the 'rounded relief' recited in Claims 1-7." Rhrg. Req. 18. On the contrary, our Decision specifically determined that "the asserted relief in Becker is more reasonably described as being polygonal in shape." Dec. 12. As such, we did address why Becker does not satisfy the limitation at issue.

As with the rest of Requester's Rehearing Request, the assertions with regard to Bunjes and Palamarchuk amount to nothing more than "asking the Board to reconsider the merits of its decision to affirm the non-adoption of this proposed ground of rejection, rather than pointing to something the Board supposedly misapprehended or overlooked." Opp. 10. As stated in the Decision, "[r]egardless of what Bunjes may show, as discussed *supra*, we do not agree that in this field of endeavor a simple rearranging of arguably similarly shaped parts is necessarily an obvious modification." Dec. 13. Furthermore, as argued by Patent Owner, the structures in Bunjes serve a different purpose and do not provide a basis for modification of Warman. *See* Patent Owner Resp. Br. 7-8. Accordingly, our Decision adequately addressed both Bunjes and Palamarchuk.

7

Appeal 2013-009168
Reexamination Control 95/001,675
US Patent No. 7,465,153 B2

## REHEARING DECISION

While we have considered the Decision in light of the Request for Rehearing, and have elaborated on certain aspects of the Decision, we decline to modify it in any respect. As explained above, Requester's basis for requesting rehearing is not based upon anything misapprehended or overlooked, but amounts to an explanation as to why Requester disagrees with the Board's Decision, which is not a proper use for Requests for Rehearing.

Pursuant to 37 C.F.R. § 41.79(d), this Decision is final for the purpose of judicial review. A party seeking judicial review must timely serve notice on the Director of the United States Patent and Trademark Office. *See* 37 C.F.R. §§ 90.1 and 1.983.

## DENIED

ak

Patent Owner:

WOMBLE, CARLYLE, SANDRIDGE & RICE, PLLC
P.O. Box 7037
Atlanta, GA 30357-0037

Third Party Requester:

Michael J. Colitz, III, Esq.
Gray Robinson, P.A.
401 E. Jackson Street
Suite 2700
Tampa, FL 33602

8

# GRAY | ROBINSON
### ATTORNEYS AT LAW

SUITE 2700
401 E. JACKSON STREET (33602)
P.O. BOX 3324
TAMPA, FLORIDA 33601-3324
TEL 813-273-5000
FAX 813-273-5145

*BOCA RATON*
*FORT LAUDERDALE*
*JACKSONVILLE*
*KEY WEST*
*LAKELAND*
*MELBOURNE*
*MIAMI*
*NAPLES*
*ORLANDO*
*TALLAHASSEE*
*TAMPA*

813-273-5298
MICHAEL.COLITZ@GRAY-ROBINSON.COM

October 21, 2014

**VIA FEDERAL EXPRESS**

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

**RECEIVED**

**OCT 22 2014**

United States Court of Appeals
For The Federal Circuit

Re:    Notice of Appeal filed with USPTO
       GIW Industries, Inc. v. S.P.I./Mobile Pulley Works, Inc.
       Appeal No. 2013-009168
       Reexamination Control No: 95/001,675

Dear Sir or Madam:

Enclosed are three copies of S.P.I./Mobile Pulley Works, Inc.'s Notice of Appeal to the United States Court of Appeals for the Federal Circuit, which is being simultaneously sent to the Director of the United States Patent and Trademark Office. Also enclosed is a check in the amount of $500,00 for the Court's docketing fee.

Please address all correspondence for S.P.I./Mobile Pulley Works, Inc. to the following address:

Michael J. Colitz, III
GRAYROBINSON P.A.
401 E. Jackson Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 273-5000
Fax: (813) 273-5145
Email: michael.colitz@gray-robinson.com

Respectfully submitted,

Michael J. Colitz, III

Enclosures:
       As noted.
MJC/jmg

# 5440293 v1